IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-00220-RN

| | |
|---|---|
| ELIJAH WATSON<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM AND ORDER |

This matter is before the court on the parties' cross-Motions for Judgment on the Pleadings [D.E. 23, 26]. The time for filing any responses or replies has expired and the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(c), the parties have consented to jurisdiction by a United States Magistrate Judge for all proceedings, including final judgment. For the following reasons, it is ORDERED that Plaintiff's Motion for Judgment on the Pleadings [D.E. 23] is GRANTED, that the Defendant's Motion for Judgment on the Pleadings [D.E. 26] is DENIED and that the matter is REMANDED to the Commissioner for further proceedings.

## I. BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income on October 20, 2009, alleging a disability beginning on March 1, 2009. The claim was denied initially and upon reconsideration. A hearing was held via videoconference on February 16, 2012 and, in a decision dated April 13, 2012, the ALJ denied Plaintiff's application. (Tr. at 9–19). The ALJ found that Plaintiff had the following severe impairments: sleep apnea; obesity; hypertension; lumbago; and chronic foot pain status post three bunionectomies, pinning, and

fusion. (*Id*. at 11). The ALJ also found that his impairments, alone or in combination, did not meet or equal a Listing impairment. (*Id.* at 12). The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work with the following limitations: can never operate foot controls bilaterally; occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch or crawl; should avoid concentrated exposure to moving or hazardous machinery and unprotected heights; and requires a sit/stand option at 30 minute intervals. (*Id.*). The ALJ determined that Plaintiff was incapable of performing his past relevant work but that, considering his age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that he was capable of performing, such as marker. (*Id.* at 17–18). The ALJ also determined that Plaintiff's prior alcohol and substance abuse were not contributing factors to the disability determination. (*Id.* at 18). Thus, the ALJ found that Plaintiff was not disabled. (*Id*. at 19).

After unsuccessfully seeking review by the Appeals Council, Plaintiff commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g) on October 18, 2013. [D.E. 6].

## II. STANDARD OF REVIEW

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chafer*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's RFC is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

**III. ANALYSIS**

*A. VA disability rating*

Plaintiff asserts that the ALJ failed to properly consider the 2011 disability finding by the Veterans' Administration ("VA"). He served eight (8) years in the Armed Forced before working in the private sector. As a result of his conditions, the VA found that Plaintiff had a 50 percent service-combined rating. The rating reflect the following rated disabilities: lumbrosacral or cervical strain (20%); foot condition (10%); superficial scarring (10%); and other foot condition (10%). (Tr. at 435.) In evaluating this evidence, the ALJ gave the VA disability finding minimal

3

weight, noting that the VA used different factors than the SSA and that the VA's decision did not set forth the factors or evidence it considered. (Tr. at 15)

After the ALJ made his decision, the Fourth Circuit issued its opinion in *Bird v. Commissioner of Social Security*, 699 F.3d 337 (4th Cir. 2012). In *Bird*, the Fourth Circuit noted that the assignment "of at least some weight" to a VA disability determination is proper because both agencies "serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Bird*, 699 F.3d at 343. The court held that, in making a disability determination, the precise weight that the SSA must afford to a VA disability rating is "substantial weight." The court noted, however, that because the standards used for evaluating disability claims differ between the agencies, and because the effective dates of coverage under the two programs would likely vary, "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such deviation is appropriate." *Id*. Thus, a disability determination by another governmental agency, such as the VA, is not binding on the SSA, but it cannot be ignored. *See* 20 C.F.R. § 404.1504; SSR 06–03p, 2006 WL 2329939, at *6–7. Indeed, given the purpose of both programs and the medical documentation each requires, a disability finding by the SSA or VA is "highly relevant to the disability determination of the other." *Bird, supra* at 345. Additionally, a fair reading of *Bird* suggests that, absent clear evidence to warrant a deviation from another agency's disability determination, as articulated by the ALJ, the other disability decision is entitled to substantial weight.

In this case, the ALJ gave minimal weight to the VA disability rating stating, in conclusory fashion, that a decision by another agency as to an individual's disability is not binding on the Social Security Administration. (Tr. at 15.) However, mindful of the joint purpose and evidentiary requirements for a disability finding by both the VA and the SSA, such a finding

4

fails to properly consider the disability determination of another agency as required in light of the *Bird* decision. Thus, the ALJ's reasoning that for discounting the VA disability assessment is insufficient grounds to dismiss the VA's findings. In determining that the Plaintiff had a 50% disability rating, the VA and the ALJ evaluated the same condition and much of the same evidence. This parallels the Fourth Circuit's finding in *Bird*, where the Fourth Circuit found that the VA rating decision "resulted from an evaluation of the same condition and the same underlying evidence that was relevant to the decision facing the SSA." *Id.* at 343. Inasmuch as the *Bird* court determined that remand was appropriate in such circumstances, so too is that relief warranted here. *See Lamb. v. Commissioner, Social Security*, No. 14-CV-886, 2014 WL 5704905 (D. Md. Nov. 4, 2014 (unpublished); *Wyche v. Colvin*, No. 4:13-CV-43, 2014 WL 1903106 (E.D. Va. April 30, 2014) (unpublished). Accordingly, the court will grant the Plaintiff's Motion for Judgment on the Pleadings on this issue.

*B. Medical opinion evidence*

Plaintiff next argues that the ALJ failed to properly consider the opinion evidence from Dr. Seavers, his podiatrist. The ALJ assigned little weight to Dr. Seavers' October 2010 statement that Plaintiff was disabled, finding not only is that an issue reserved to the commissioner but also that Dr. Seavers' assessment was neither functional, nor diagnostic and failed to describe the Plaintiff's abilities or limitations. (Tr. at 15.)

Under the Treating Physician Rule, the Commissioner generally gives more weight and deference to the opinions of treating medical sources. 20 C.F.R. § 404.1527(c)(l)-(2). However, significantly less weight is due "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). If controlling weight is not assigned to a treating source's medical opinion, an ALJ must

consider certain factors when deciding the weight to be assigned to any medical opinion. These include (1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). Under § 1527(d), an ALJ is not required to discuss the various factors in evaluating opinion evidence, only that such factors be considered. *See Hendrix v. Astrue*, No. 1:09–01283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010) ("[A]n express discussion of each factor is not required as long as the ALJ demonstrates that he applied the § 404.1527(d) factors and provided good reasons for his decision."); *Overcash v. Astrue*, No. 5:07–CV–123, 2010 WL 5904394, at *6 (W.D.N.C. May 21, 2010) ("While an ALJ's decision need not explicitly discuss each factor, it must justify the amount of weight afforded with specific reasons.").

Although an ALJ needs to indicate the weight given to evidence so that a reviewing court can determine if the findings are supported by substantial evidence, *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984), an ALJ is not required to address every piece of evidence in the record, so long as a reviewing court can determine from the opinion "what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n. 10 (4th Cir. 1999)). *See also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (stating that the ALJ need not specifically refer to every piece of evidence in his decision, so long as the ALJ's decision is not a broad rejection rendering the court unable to conclude that the ALJ considered the claimant's medical condition as a whole); *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."). Here, however, the ALJ selectively extracted part of Dr. Seavers' opinion as a basis to discredit it. While it is true that a finding of disability is an issue reserved to the Commissioner, Dr. Seavers' assessment also noted: Plaintiff had severe

6

pain in both feet, which continued to bother him even after surgery; his history included multiple foot surgeries; he had 10 degree dorsiflexation on the RT and 15 degrees dorsiflexation in the LT with severe pain and crepitus upon range of motion; he had a fusion of the PIPJs and stable position of the second digit, bilaterally; severe discomfort under the 5th metatarsal head, bilaterally; x-ray showed severe hallux ridgidus with DJD in the first MPJ, bilaterally. (Tr. at 389.) Dr. Seavers opined that Plaintiff should stay off his feet and that he was disabled from a standing or ambulating position. (*Id.*) Clearly, despite the ALJ's findings to the contrary, Dr. Seavers' assessment is both functional and diagnostic. Thus, the ALJ did not accurately and fairly summarize this medical evidence.

Moreover, subsequent to the ALJ's decision, Dr. Seavers submitted a statement which he reiterated his findings. He noted: that he is a treating physician and had diagnosed Plaintiff with severe degenerative joint disease and severe arthritis; his chronic foot pain affects his ability to stand and to walk; his diagnosis is based on past medical records, x-rays, medical examinations and treatment of the Plaintiff; that Plaintiff has had multiple foot surgeries and continues to experience severe pain, limiting him to standing and walking 10–15 minutes at a time and no more than one hour in an eight hour workday; Plaintiff will likely experience flare-ups approximately once per week when his pain will preclude any work activity; and his conditions are permanent. (Tr. at 448.)

Although the ALJ specifically stated that he considered the evidence in accordance with the requirements of 20 C.F.R. § 404.1527 (tr. at 16), a sound basis for rejecting the other findings made by Dr. Seavers is not evident. An examination of the §1527(d) factors reveals that the opinion is arguably entitled to more weight given that Dr. Seavers has treated Plaintiff for over 15 years, and performed two surgeries on him; as a podiatrist, he is a specialist in this medical

field; and his opinion is supported by Dr. Solovieff's opinion, which found that Plaintiff was severely limited in his abilities to stand (5 minutes) and walk (1/4 mile). (Tr. at 309–12.) Further, the ALJ has not identified any contradictory evidence that discredits Dr. Seavers' findings. In sum, Dr. Seavers' assessment appears well-supported and uncontradicted, and the ALJ's basis for affording it less weight cannot be given deference. Consequently, Plaintiff has persuasively argues that the ALJ failed to properly evaluate Dr. Seavers' opinion. Thus, this issue, too, warrants remand.

**IV. CONCLUSION**

For the aforementioned reasons, the Plaintiff's Motion for Judgment on the Pleadings [D.E. 23] is GRANTED, that Defendant's Motion for Judgment on the Pleadings [D.E. 26] is DENIED and that the matter is REMANDED for further proceedings.

Dated: March 16, 2015.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE